UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Thomas F. True

    v.                                        Civil No. 14-cv-312-PB

Samuel Seppala, and
Seppala Construction Inc.

**REPORT AND RECOMMENDATION**

Thomas True has filed this action alleging that Defendants have committed state law torts against him. The Complaint (doc. no. 1) is before this Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**STANDARD**

In conducting preliminary review, the Court construes pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions in the pleading, the court considers whether the factual content in the pleading, and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**DISCUSSION**

I.  **Background**

True, although presently incarcerated in Georgia, is a New Hampshire citizen.  True states that Defendants are New Hampshire citizens that work in New Hampshire, South Carolina, and elsewhere.  True asserts that Defendants committed torts of breach of contract, fraud, conversion, and unjust enrichment against him in real estate and construction matters that occurred in South Carolina between October 2008 and September 2009.

II. **Jurisdiction**

True asserts that his action arises under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Section 1332 grants this Court original jurisdiction of any civil action where the amount in controversy exceeds $75,000, and the parties are citizens of different states.  See id. at §§ 1332(a) and (b).  True concedes that both he and Defendants are citizens of New Hampshire.  Accordingly, the parties in this matter are not diverse, and, as no other basis for jurisdiction appears on the face of the Complaint, True has failed to invoke the subject matter jurisdiction of the Court.  Accordingly, this action

2

should be dismissed as this Court does not have jurisdiction over its subject matter.

## CONCLUSION

For the foregoing reasons, the Court recommends that the District Judge dismiss this action, without prejudice, for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                    Andrea K. Johnstone
                                                    United States Magistrate Judge

September 15, 2014

cc: Thomas F. True, pro se